UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  16-CV-81627-ROSENBERG/HOPKINS

FRANK TAI SHENG SHEU,

    Plaintiff,

vs.

PALMER ISLAND, LLC d/b/a
MR. ZHANG'S FINE CHINESE CUISINE
and MICHAEL SUMIN ZHANG,

    Defendants.
_____/

## AMENDED MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

COME NOW the Parties, by and through their respective undersigned counsel, and jointly move this Honorable Court to Approve the Settlement Agreement entered between the parties at mediation on December 19, 2017, and upon approval to dismiss the case with prejudice.  In support hereof and in compliance with the Court's Order of Court-Mandated Requirement in FLSA -Based Cases [D.E. #6], and previous Paperless Order denying without prejudice their original Motion to Approve [D.E. #21], the parties submit the following:

    a. Attached as Exhibit A is a copy of the Settlement Agreement.

    b. The Settlement Agreement provides for payment of Plaintiff's claims for unpaid minimum wages and overtime wages in the amount of $10,434.00, plus liquidated damages in the amount of $4,090.00.  The settlement will result in a complete recovery of all wages that the Plaintiff claims to be owed, plus approximately 40% of the liquidated damages Plaintiff could claim.  This is much more than the Defendants submit that the Plaintiff is owed, if anything.

  c. The parties dispute arises (1) from much of Plaintiff's wages being paid in cash with no payroll records to verify the payment of said wages, although Plaintiff acknowledges receipt of minimum shift pay of $15.00/hour for four or five hour shifts which amount exceeds the federal tipped employee minimum wage but not the Florida tipped minimum wage, (2) from an absence of time keeping records by the Defendant beyond handwritten calendars posted by Defendant and oftentimes conflicting handwritten calendars maintained by Plaintiff to document his days worked and tips earned, (3) from a dispute as to the number of hours Plaintiff worked during the lunch shifts (Plaintiff claimed he worked a five hour lunch shift and Defendants assert it was only a four hour lunch shift), and (4) a dispute as to the number of weeks that Plaintiff took off to visit his native Taiwan or allegedly work other employment.  Plaintiff had his own records of days worked and records of tips only, but no detailed time records that conflicts with Defendant's work schedule, and Defendant claims Plaintiff had other employment as well during the relevant period.  There was also a dispute as to whether two or three years constitutes the relevant period and whether Plaintiff would be entitled to liquidated damages, if any.

  d. The fees were calculated based on an hourly fee basis at $395 per hour for attorney and $95 per hour for paralegal time.  Attached as Exhibit B is a copy of the billing records.  The total fees came to $11,452.75 upon the filing of the Motion to Approve Settlement. It is noted that the Plaintiff's potentially provable claim for unpaid minimum and overtime wages due using the Florida tipped minimum wage were not compromised, only a portion of his claim for liquidated damages. The fee was negotiated at mediation.  As to the amount of the fees, it is noted that the Plaintiff's first language is not English and that during meetings with the Plaintiff, the Plaintiff's counsel and legal assistant often required a Mandarin interpreter to assist. Plaintiff's counsel and legal assistant also had to expend numerous hours determining the

amount of this claim because of the nature of the records and the variances between Plaintiff's records and Defendants' records.

As to Defendant's requirement for a general release, it is noted the Plaintiff was discharged by Defendants and there was some concern by Defendants of a retaliatory discharge claim or age discrimination claim (Plaintiff is 63).  From Plaintiff's perspective, he wanted a settlement and did not want to prolong the case any further or file charges for age discrimination or other matter.  He found a new job in a Chinese restaurant after only a short period of unemployment and any lost wage claim due to unlawful discharge would not have been significant, and certainly not worth a prolonged EEOC investigation.  Conversely Defendants contend that they had good cause to terminate Plaintiff for alleged improprieties involving the tips collected by Plaintiff and cash remitted to the cash register for inclusion in the tip pool.

Although there is a Confidentiality section in the Settlement Agreement, it was designed and intended by the parties to avoid further harm to either party.  It is also limited by its terms and essentially designed to prevent publication of their respective claims against each other in the relatively small community of Chinese restaurants in the South Florida area.  In particular, Plaintiff is concerned that publication to other restaurant owners of his willingness to sue and the allegations of tip and cash improprieties would chill his employment options.

As stated in the parties' initial Joint Motion to Approve Settlement Agreement, Defendants expressly deny any liability whatsoever to Plaintiff and negotiated a settlement in this matter during mediation to avoid continued litigation expenses and the exposure to risks of litigation.  It remains defendant's position that Plaintiff was in fact properly paid under the FLSA, although conceding certain deficiencies as relates to the Florida minimum wage.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice

pursuant to the parties stipulated Settlement Agreement, with each party to bear their own attorneys' fees and costs except as set forth in the Settlement Agreement; and (3) retaining jurisdiction to enforce the Settlement Agreement.

| | |
|---|---|
| AKERS & BOSWELL, P.A. | MOSKOWITZ, MANDELL, SALIM & SIMOWITZ, P.A. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2161 Palm Beach Lakes Boulevard, Suite 407 | 800 Corporate Drive, Suite 500 |
| West Palm Beach, FL 33409 | Fort Lauderdale, FL 33334 |
| Telephone: (561) 547-6300 | Telephone: (954) 491-2000 |
| Facsimile: (561) 828-9212 | Facsimile: (954) 491-2051 |
| E-mail: dboswell@akers-boswell.com | E-mail: wsalim@mmsslaw.com |
| | |
| By: /s/Don R. Boswell | By: /s/William G. Salim, Jr. |
| Don R. Boswell | William G. Salim, Jr. |
| Florida Bar No. 145894 | Florida Bar No. 750379 |
| | |
| Dated: December 28, 2016 | Dated: December 28, 2016 |